HARDY, Judge.
This action was instituted by plaintiffs seeking a cancellation of the mineral rights in described property located in Webster Parish, and from a judgment in favor of plaintiffs, the defendants have appealed.
The chronological facts are as follows:
(1). On December 18, 1936, Andrew C. Burns acquired the fee title to the subject property by deed of conveyance from Drew Burns, in which the vendor reserved one-fourth of the mineral rights.
(2). On December 6, 1939, Andrew C. Burns conveyed the subject property in fee to the plaintiff herein, Mrs. Cortez Burns Armour, reserving all the mineral rights therein.
(3). On May 29, 1946, Andrew C. Burns and Mrs. Armour executed a mineral lease in favor of Hunt Oil Company, providing for a primary term of ten years.
(4). On March 1, 1948, Andrew C. Burns sold and conveyed to R. O. Smith, one of the defendants in this suit, one-fourth of the mineral rights in the subject property.
(5). On April 8, 1948, Andrew C. Bums executed a correction deed which had the effect of disclosing that plaintiff, Mrs. Armour, was intended to acquire one-half of the mineral rights in the property under the deed of December 6, 1939.
(6). On September 3,1948, R. O. Smith sold and conveyed to the other defendant in this case, J. I. Roberts, an undivided one-eighth interest in the minerals in and to the property under consideration.
(7). On March 20, 1953, Andrew C. Burns and Mrs. Armour executed an instrument which expressly acknowledged their intent to interrupt the liberative prescription as between the parties to said instrument effective as of April 8, 1948, the date of the correction deed from Burns to Mrs. Armour.
The record contains a stipulation that no drilling operations were prosecuted upon the affected property between the dates of December 6, 1939, and December 7, 1949, and that the lease of May 29, 1946, has been maintained in full force and effect only by reason of production which was begun on February 1,1955.
Defendants-appellants specify error in the judgment appealed from upon the basis that (1) defendants’ rights were contractually extended by the lease of May 29, 1946, through the provision of a primary term of ten years, and, thereafter, indefinitely following the beginning and continuance of production; (2) that the mineral lease referred to was a joint obligation on the part of Andrew C. Burns and Mrs. Armour which had the effect of interrupting the running of prescription liberandi causa; and (3) that there was a further interruption of prescription as the result of the correction deed of April 8, 1948, and the agreement of March 20, 1953.
As opposed to the above contentions, ap-pellee urges that the lease was not a joint obligation, the period of liberative prescription tolled on December 7, 1949, and thereafter no acknowledgment would have the effect of reviving the theretofore existing servitude.
We cannot find that there is any specific provision in the lease evidencing the intention on the part of the plaintiff landowner to suspend or interrupt the running of the prescriptive period. Nevertheless, it does appear that the mineral rights of the defendants were contractually preserved during the period of the lease and were extended indefinitely by the beginning of production on February 1, 1955. We base this conclusion upon the holding of the Supreme Court in Achee v. Caillouet, 197 La. 313, 1 So.2d 530. We applied the principle enunciated in the Achee case in *448 Namie v. Namie (2nd Circuit, 1961, writs denied), 134 So.2d 572.
Upon the basis of the above authorities, we conclude that the judgment appealed from is erroneous.
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be and it is annulled, set aside and reversed, and there is now judgment in favor of defendants, R. O. Smith and J. I. Roberts, recognizing said defendants as the owners of an undivided one-eighth interest each in and to the mineral rights, in, on and under that certain tract of land described as:
Northwest Quarter of Northwest Quarter (NW 1/4 of NW 1/4) of Section Sixteen (16), Township Twenty-three (23), North, Range Nine (9) West, Webster Parish, Louisiana.
All the costs are taxed against plaintiffs-appellees.